The HOOVER COMPANY,
Plaintiff–Appellant,

v.

LOCAL 1985, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Defendant–Appellee.

No. 00–3673.

United States Court of Appeals,
Sixth Circuit.

Oct. 25, 2001.

Before MARTIN, Chief Judge; CLAY, and GARWOOD,* Circuit Judges.

### ORDER

The Hoover Company (Hoover) appeals a district court order upholding an arbitrator's decision that interpreted Hoover's collective bargaining agreement (CBA) with Local 1985 of the International Brotherhood of Electrical Workers, AFL–CIO (the Union). Neither party has objected to the submission of this case on the briefs, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, the Union filed a grievance against Hoover, alleging that the company violated the CBA by manufacturing products at plants other than its facility in North Canton, Ohio. In anticipation of a lengthy hearing on this grievance, the Union announced that it planned to use two representatives to present exhibits and question witnesses. Hoover objected, arguing that the CBA provided that each side could be represented by only one spokesman. Following a hearing on this issue, the arbitrator concluded that, while each side was limited to one spokesman, the sides were permitted to employ additional representatives to present evidence and examine witnesses. Hoover filed a complaint in federal district court, arguing that the arbitrator had erroneously interpreted the CBA. The district court determined that this argument was meritless and upheld the arbitrator's decision. Hoover has filed a timely appeal.

Upon review, we conclude that the district court properly upheld the arbitrator's decision. Federal courts must give substantial deference to the settlement of a labor dispute by an arbitrator, and judicial review over an arbitration decision is one of the narrowest standards of review in all jurisprudence. *DBM Techs., Inc. v. Local 227,* 257 F.3d 651, 654 (6th Cir.2001). In resolving disputes about the application of a CBA, the arbitrator must make factual findings, and a court may not reject those findings simply because it disagrees with them. *Id.* Due to the deference given to the arbitrator's decision, a federal court must uphold the decision if it draws its essence from the CBA and is not merely the arbitrator's own brand of justice. *Id.* An arbitrator's ruling fails to draw its essence from the CBA only if it: 1) conflicts with the express terms of the CBA; 2) imposes additional requirements that are not expressly set forth in the CBA; 3) is without rational support or cannot be rationally derived from the terms of the CBA; or 4) is based on general considerations of fairness and equity instead of the precise terms of the CBA. *Id.*

In light of the deference given to the arbitrator's decision, we determine that the decision in this case is drawn from the essence of the CBA. At issue is a provision of the CBA which states:

> so that arbitration hearings can be expedited and conducted in an orderly manner, it is agreed that each party at arbitration hearings will designate one spokesman who will be responsible for the presentation of information and who will direct the order of the presentation of exhibits and testimony by individuals upon whom he may call.

Hoover argues that this provision limits the parties to having only one representa-

---

* The Honorable Will L. Garwood, United States Circuit Judge for the Fifth Circuit, sitting by designation.

472

tive at a hearing who can present evidence and question witnesses. The Union counters that the provision merely establishes that each side must have a spokesman responsible for the overall direction of the presentation of its evidence, but that other representatives may assist in presenting exhibits and eliciting testimony from witnesses. The arbitrator concluded that the phrasing of the provision was ambiguous and that, if the parties intended for only one spokesman to be available per side, the provision could have been written in a clearer and more precise manner. Further, the arbitrator noted that the provision's language could be interpreted to establish that, consistent with the Union's argument, the "spokesman" is merely responsible for directing the overall presentation of each side's case. While the bargaining history of the CBA did not provide any assistance in resolving the dispute, the arbitrator did note that, in past practice, neither side had ever employed more than one representative to present evidence. Nonetheless, the arbitrator concluded that this past practice was not highly probative because prior hearings had been of short duration, while the pending grievance hearing was expected to last several days. Therefore, the arbitrator concluded that the provision did not preclude the Union from having more than one representative present evidence at the hearing. We believe that this conclusion is drawn from the essence of the CBA. Further, Hoover's remaining arguments (that the arbitrator's decision constitutes an unwarranted expansion of his jurisdiction under the CBA and that the arbitrator improperly shifted the burden in this case onto Hoover) are without merit.

Accordingly, this court affirms the district court's judgment.